Per Curiam.

Admitting the writing given in evidence in this case not to be a promissory note, (and we think it is not,) yet it is good evidence in support of the count on an insimul computassent: even an award, void as such, is, in some instances, admissible as evidence of an account stated. The amount due to the plaintiff is ascertained and liquidated between the parties, and the defendant promised to pay it. This amount, to be sure, is to be paid out of a particular fund, to which the *43 plaintiff was bound, in the first instance, to look ; but suppose no such fund existed, the plaintiff is not to lose his debt. Whether or not, a fund is mentioned, as limiting the claim of the plaintiff, or as only directing the application of the fund by the person in whose hands it is, is a question of construction, with respect to which every case rests upon its own foundation. The clause in the written agreement in this case, providing for the payment of the balance out of the proceeds of the provisions and lumber, operates as a qualified assignment of such proceeds, and is an authority to the holders, Hancock & 31’ Cormick, to apply them to the discharge of the plaintiff’s debt; but we are of opinion, that the plaintiff, before he can have recourse to *'the defendant personally, must show, either that there was no such fund, or that it was insufficient to pay his debt, or that he had applied to the holders of it, and had not obtained satisfaction out of it. He ought, in fact, to show that the fund to which he was, by the terms of the memorandum, primarily to look, had failed, and of this the endorsement on the memorandum made by the plaintiff, is not evidence. Under the circumstances of this case, however, we direct a judgment of nonsuit to be entered against the plaintiff, instead of a judgment for the defendant generally.
Judgment of nonsuit.